UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA ETTA MORELAND, | No. 2:19-cv-00906 MCE AC (PS) |
| Plaintiff, | |
| v. | ORDER |
| RAYTHEON COMPANY, | |
| Defendant. | |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by Local Civil Rule 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

## I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

1

1    Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and

2    plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this

3    court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled

4    to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief

5    sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly.

6    Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in

7    the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200),

8    Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

9        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10    Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the

11    court will (1) accept as true all of the factual allegations contained in the complaint, unless they

12    are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the

13    plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von

14    Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert.

15    denied, 564 U.S. 1037 (2011).

16        The court applies the same rules of construction in determining whether the complaint

17    states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court

18    must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must

19    construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a

20    less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520

21    (1972). However, the court need not accept as true conclusory allegations, unreasonable

22    inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618,

23    624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice

24    to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,

25    556 U.S. 662, 678 (2009).

26        To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

27    state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has

28    facial plausibility when the plaintiff pleads factual content that allows the court to draw the

2

1 reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at

2 678. Pro se pleadings are liberally construed. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir.

3 2010). A pro se litigant is entitled to notice of the deficiencies in the complaint and an

4 opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See

5 Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as

6 stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

7     A. The Complaint

8     Plaintiff has filed a form complaint naming her former employer, Raytheon Company.

9 ECF No. 1 at 2, 5. In the section regarding jurisdictional basis, plaintiff checked only the box

10 indicating diversity jurisdiction, but she provided information requested for both the federal

11 question and diversity jurisdiction sections. As the basis for federal question jurisdiction, she

12 wrote "29 U.S.C. § 502(a)(1)(B)." Id. at 5. In the section for diversity jurisdiction, plaintiff

13 asserted that she is a citizen of California and that Raytheon is incorporated, and has its principal

14 place of business in, Massachusetts. Id. at 4-5.

15     Plaintiff's entire statement of her claim consists of the following text: "Plaintiff retired at

16 normal date and did not withdraw employee contributions. Defendant alleges plaintiff withdrew

17 $8,331 with interest, thereby reducing pension pay 50%." Id. at 5. In her request for relief, she

18 adds: "Plaintiff should have received $374.61 starting Feb. 1, 2016 instead of $174.49 per

19 month." Id. at 6. Plaintiff seeks "backpay of $7,804.68" and $250,000 in punitive damages. Id.

20     B. Analysis

21     As best the court can tell, plaintiff intends to bring this action under the Employee

22 Retirement Income Security Act of 1974 ("ERISA"), 88 Stat. 832, as amended, 29 U.S.C.

23 §§ 1001 et seq. There is no statutory provision codified as "29 U.S.C. § 502(a)(1)(B)."[1]

24 However, Section 502(a)(1)(B) of ERISA, codified at 29 U.S.C. § 1132(a)(1)(B), allows plan

25 participants or beneficiaries to sue to recover wrongfully denied benefits. This appears to be what

26

27 [1] The statute codified at 29 U.S.C. § 502 is a section of the Labor–Management Reporting and Disclosure Act, requiring labor organization officials to be bonded, and as already indicated, does

28 not contain a subsection (a)(1)(B).

1   plaintiff is trying to accomplish through this suit.  Although 29 U.S.C. § 1132(a)(1)(B) provides a

2   valid basis for federal subject matter jurisdiction, this action cannot proceed on the current

3   pleading for the following reasons.

4          First, it is not clear from the face of the complaint whether the court may exercise personal

5   jurisdiction over Raytheon, a nonresident defendant.  Personal jurisdiction refers to the power of

6   the court to render an enforceable judgment against the defendant.  See Pennoyer v. Neff, 95 U.S.

7   714, 720-22 (1877).  The burden is on plaintiff to show that personal jurisdiction is appropriate.

8   See Dole Food v. Watts, 303 F.3d 1104, 1108 (9th Cir.2002).  The court may exercise personal

9   jurisdiction over a nonresident defendant if permitted by the state's long-arm statute and "if the

10  exercise of that jurisdiction does not violate federal due process."  In re W. States Wholesale Nat.

11  Gas Antitrust Litig., 715 F.3d 716, 741 (9th Cir. 2013).  The defendant must have "minimum

12  contacts" with the forum state such that the exercise of jurisdiction "does not offend traditional

13  notions of fair play and substantial justice."  Id. (quoting Int'l Shoe Co. v. Washington, 326 U.S.

14  310, 316 (1945)).  A federal district court may exercise general or specific jurisdiction over a

15  nonresident defendant.  Id.  General jurisdiction may be established if the plaintiff demonstrates

16  that the defendant has "sufficient contacts [with the forum state] to constitute the kind of

17  continuous and systematic general business contacts that approximate physical presence."  Id.

18  (internal quotation marks omitted).  Specific jurisdiction may be established by satisfying each

19  element of a three-prong test:

20          (1) The non-resident defendant must purposefully direct his activities
            or consummate some transaction with the forum or resident thereof;
21          or perform some act by which he purposefully avails himself of the
            privilege of conducting activities in the forum, thereby invoking the
22          benefits and protections of its laws; (2) the claim must be one which
            arises out of or relates to the defendant's forum-related activities; and
23          (3) the exercise of jurisdiction must comport with fair play and
            substantial justice, i.e. it must be reasonable.
24

25  Id. at 741-42.

26          In her complaint, plaintiff does not plead any facts that support the existence of either

27  general or specific personal jurisdiction.  Plaintiff does not allege that Raytheon, a Massachusetts-

28  based company, has had any contact with California, much less the constitutionally required

                                                   4

1 "minimum contacts." The complaint does not indicate where the alleged deprivation of pension

2 benefits occurred, or whether Raytheon has directed any conduct toward California. Therefore,

3 the current allegations do not permit the court to exercise personal jurisdiction over Raytheon.

4 A second and related problem with the complaint is that it does not establish that the

5 Eastern District of California is the proper venue in which to bring this case. The propriety of

6 venue may be raised by the court *sua sponte* where the defendant has not filed a responsive

7 pleading and the time for doing so has not run. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th

8 Cir. 1986). Here, Raytheon has not filed a responsive pleading and the time for doing so has not

9 run; service of the pleading has not been ordered and no answer is on file.

10 The federal venue statute requires that a civil action be brought in:

11
12        (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

13        (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

14
15        (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect

16        to such action.

17 28 U.S.C. § 1391(b).

18 As a Massachusetts-based company, Raytheon does not reside in this district. As

19 discussed above, it is unclear where the events giving rise to plaintiff's claim occurred, so the

20 court cannot determine whether this district is the proper venue under Section 1391(b)(2).

21 Because the sole defendant resides in the District of Massachusetts, venue would be proper there,

22 and so Section 1391(b)(3) does not apply. Thus, venue would only be proper in the Eastern

23 District of California if "a substantial part of the events or omissions giving rise to the claim

24 occurred, or a substantial part of [the] property that is the subject of the action is situated" here.

25 See 28 U.S.C. § 1391(b)(2). Based on the current pleadings, the court cannot make that

26 determination.

27 Third and finally, the complaint does not contain a "short and plain" statement of the

28 claim showing that plaintiff is entitled to relief, as required by Fed. R. Civ. P. 8(a)(2). As

relevant, 29 U.S.C. § 1132(a)(1)(B) allows a plan "participant or beneficiary" to bring a civil

action "to recover benefits due to him under the terms of his plan, to enforce his rights under the

terms of the plan, or to clarify his rights to future benefits under the terms of the plan." However,

plaintiff's minimal allegations do not sufficiently state a claim under this provision.

> To state a claim for benefits under ERISA § 502(a)(1)(B), plaintiff must allege facts that establish the existence of an ERISA plan as well as the provisions of the plan that entitle [him] to benefits. A plan is established if a reasonable person 'can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits. Failure to identify the controlling ERISA plans makes a complaint unclear and ambiguous.

Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc., 99 F. Supp. 3d 1110, 1155

(C.D. Cal. 2015) (alterations and quotation marks omitted). "Accordingly, a plaintiff who brings

a claim for benefits under ERISA must identify a specific plan term that confers the benefit in

question." Id. (alterations and quotation marks omitted). ERISA's "statutory scheme . . . is built

around reliance on the face of written plan documents." US Airways, Inc. v. McCutchen, 569

U.S. 88, 100–01 (2013).

Here, the complaint does not identify a benefits plan, let alone a particular provision of the

plan, that defendant has allegedly violated. Without a copy or detailed description of the specific

provision at issue, plaintiff cannot state a claim for the wrongful denial or withholding of pension

benefits. See Finley v. N. Ca. Carpenters Pension Tr. Fund Trustees, No. 2:13-CV-1132-GEB-

EFB, 2014 WL 4631689, at *5 (E.D. Cal. Sept. 15, 2014), report and recommendation adopted,

No. 2:13-CV-1132-GEB-EFB, 2014 WL 4929485 (E.D. Cal. Sept. 30, 2014).[2]

In sum, the complaint does not establish this court's jurisdiction over defendant, show that

the action is brought in the proper venue, or sufficiently state a claim for relief. Rather than

////

---

[2] Plaintiff is also advised that, before bringing suit under Section 502 of ERISA, a claimant must exhaust her administrative remedies by following the plan's own internal review procedures before bringing suit in federal court. Vaught v. Scottsdale Healthcare Corp. Health Plan, 546 F.3d 620, 626 (9th Cir. 2008). While exhaustion is not a jurisdictional requirement, see id. at 626 n.2, "[a]s a general rule, an ERISA claimant must exhaust available administrative remedies before bringing a claim in federal court," Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc., 770 F.3d 1282, 1298 (9th Cir. 2014).

1  recommending dismissal of the action, the undersigned will provide plaintiff an opportunity to

2  amend her complaint to cure these defects, if possible.

## II.  AMENDING THE COMPLAINT

4          If plaintiff chooses to amend the complaint, the amended complaint must address the

5  issues identified above.  In particular, it must contain a short and plain statement of plaintiff's

6  claim(s), including whether plaintiff is in fact asserting a claim under ERISA.  The allegations of

7  the complaint must be set forth in sequentially numbered paragraphs, with each paragraph

8  number being one greater than the one before, each paragraph having its own number, and no

9  paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited

10  "to a single set of circumstances" where possible.  Rule 10(b).  Plaintiff must avoid excessive

11  repetition of the same allegations.  Plaintiff must avoid narrative and storytelling.  That is, the

12  complaint should not include every detail of what happened, nor recount the details of

13  conversations (unless necessary to establish the claim), nor give a running account of plaintiff's

14  hopes and thoughts.  Rather, the amended complaint should contain only those facts needed to

15  show how the defendant legally wronged the plaintiff.

16          The amended complaint must not force the court and the defendants to guess at what is

17  being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)

18  (affirming dismissal of a complaint where the district court was "literally guessing as to what

19  facts support the legal claims being asserted against certain defendants").  The amended

20  complaint must not require the court to spend its time "preparing the 'short and plain statement'

21  which Rule 8 obligated plaintiffs to submit."  Id. at 1180.  The amended complaint must not

22  require the court and defendants to prepare lengthy outlines "to determine who is being sued for

23  what."  Id. at 1179.

24          Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's

25  amended complaint complete.  An amended complaint must be complete in itself without

26  reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended

27  complaint supersedes the original complaint.  See Pacific Bell Tel. Co. v. Linkline

28  Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint

7

supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III. PRO SE PLAINTIFF'S SUMMARY

It is not clear that this case can proceed in this court. The court cannot tell from your complaint where the alleged legal harm took place, whether this court has any power over the out-of-state defendant, or the nature of the pension plan and how it entitles you to the requested relief. Because of these issues, the complaint will not be served on defendant. Your lawsuit cannot proceed unless you fix these problems with your complaint.

You are being given 30 days to submit an amended complaint that addresses these issues. If you submit an amended complaint, it needs to explain how defendant violated your rights under the pension plan, and where and when this violation occurred. Without this information, the court cannot tell whether this is the proper forum to hear your suit or whether you may be entitled to relief. If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

### IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: July 15, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

8